IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH W. CHAIT,

    Plaintiff,

  v.

CITY OF SAN FRANCISCO, a Municipal Corporation, GEORGE GASCON, in his individual and official capacity as Chief of Police of the San Francisco Police Department, R. DELA VEGA, (Badge #1823) in his individual and official capacity as a Police Officer of the San Francisco Police Department, RONNIE M. WAGNER, in her individual and official capacity as a Police Officer/Police Department Attorney of the San Francisco Police Department, and DANIEL YAWCZAK, (Badge #1810) in his individual and official capacity as a Police Officer of the San Francisco Police Department,

    Defendant.
_____/

No. C 10-02194 WHA

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF DENIAL OF TEMPORARY RESTRAINING ORDER**

    Plaintiff has filed a motion for leave to file a motion for reconsideration of denial of a temporary restraining order in this matter. Civil Local Rule 7-9(b) provides that a party moving for reconsideration must show:

> (1) That at the time of a motion for leave [to file a motion for reconsideration], a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable

>diligence the party applying for reconsideration did not know
>such fact or law at the time of the interlocutory order; or
>(2) The emergence of new material facts or a change of law
>occurring after the time of such order; or
>(3) A manifest failure by the Court to consider material facts or
>dispositive legal arguments which were presented to the Court
>before such interlocutory order.

Plaintiff, a pawnbroker, argues that the Court failed to consider material facts when it denied plaintiff's motion for a temporary restraining order. Plaintiff's motion for a temporary restraining order sought to enjoin defendants from utilizing California Business and Professions Code Section 21647 to deliver stolen property removed from a pawnbroker or secondhand dealer to the property's rightful owner or from "doing anything" with such property other than returning it to the secondhand dealer or pawnbroker from whom it was seized. This motion was denied because plaintiff raised no issue of irreparable injury, as he did not allege that the watches seized from him pursuant to Section 21647 remained in the possession of the defendant City of San Francisco.

Plaintiff asserts that "[n]owhere in the plaintiff's complaint, ex parte application or supporting declarations averred that the Rolex watches had left the possession of the City of San Francisco Police Department" (Br. at 3). Nevertheless, plaintiff did not (and still does not) specifically allege that the watches *do* remain in the possession of the City of San Francisco. In his motion for leave to file a motion for reconsideration, he now merely states that the watches *appear* to remain in the possession of defendant (Br. at 2). This is insufficient to justify a temporary restraining order. Nor does it constitute material facts which were not previously

considered by the Court. Plaintiff's motion for leave to file a motion for reconsideration is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: June 14, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE