1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10    JOSEPH W. CHAIT, individually and on                No. C 10-02194 WHA
      behalf of those similarly situated,
11
                    Plaintiff,
12
           v.                                             **ORDER GRANTING MOTION**
13                                                        **TO INTERVENE AND**
                                                          **VACATING HEARING**
      CITY OF SAN FRANCISCO, a Municipal
14    Corporation, GEORGE GASCON, in his
      individual and official capacity as Chief of
15    Police of the San Francisco Police
      Department; R. DELA VEGA, (Badge
16    #1823) in his individual and official
      capacity as a Police Officer of the San
17    Francisco Police Department; RONNIE M.
      WAGNER, in her individual and official
18    capacity as a Police Officer/Police
      Department Attorney of the San Francisco
19    Police Department, and DANIEL
      YAWCZAK, (Badge #1810) in his
20    individual and official capacity as a Police
      Officer of the San Francisco Police
21    Department,

22                  Defendants.
                                                      /
23

24                               **INTRODUCTION**

25          Catherine Sun moves to intervene in this action to assert an ownership interest in the

26    Rolex watches placed on statutory hold by the defendants.

27                                **STATEMENT**

28          Plaintiff, Joseph Chait, commenced this action against defendants City of San Francisco

      and officers of the San Francisco Police Department, Dela Vega, Daniel Yawczak, Police Chief

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1  George Gascon and Attorney Ronnie Wagner.  Plaintiff asserts four claims.  The first three claims

2  allege that defendants deprived him of his due process rights under the United States and

3  California Constitutions and violated his civil rights pursuant to 42 U.S.C. 1983.  The fourth

4  claim is brought on behalf of a putative class; it asserts that defendants' statutory hold  "policies,

5  practices, customs and procedures" are used as a method to "divest Plaintiff and those similarly

6  situated of their property rights in contravention of the requirements" of California Business and

7  Professions Code Section 21647, 42 U.S.C. 1983, and due process (Compl. ¶ 37).  Plaintiff

8  purchased, in his capacity as a pawnbroker, three Rolex watches allegedly stolen from Catherine

9  Sun.  Sun filed a motion to intervene.  Sun's proposed complaint asserts one claim: that

10  defendants violated her due process rights by their failure to follow the procedural due process

11  requirements of the California Penal Code Section 1411 and Financial Code Section 21206.8.

12       The background to Sun's proposed intervention is set forth below and based on her

13  motion, supporting declaration, and proposed complaint.

14       In July 2009, Sun reported the theft of six Rolex watches to the San Francisco Police

15  Department.  Sun asserts that all six watches were her property.  Three of the watches were seized

16  from two individuals, not parties in this action, by the SFPD.  The other three watches were

17  located by Sun at Provident Loan Association, a secondhand dealer and pawnbroker owned by

18  plaintiff, and were placed on a 90-day hold by the SFPD.  A few months later the three Rolex

19  watches located at Provident Loan Assocation were seized by Officer Yawczak and placed in

20  custody of the SFPD.  Sun alleges that at that time she provided Officer Yawczak complete

21  information concerning her ownership of the watches and how she located the watches at

22  Provident Loan Association.

23       In February 2010, Sun received a letter from one of the individual defendants, Attorney

24  Ronnie Wagner, on behalf of the SFPD, that stated that based on satisfactory proof of ownership

25  all six watches would be returned to her.  The letter also stated that the "SFPD expects additional

26  parties to assert a claim of ownership" and that all would have the opportunity for a hearing, for

27  which the District Attorney's Office would provide notice (Dkt. No. 34 Exh. C).  Sun alleges that

28

2

United States District Court

For the Northern District of California

1    on several occasions she called and visited Attorney Wagner regarding the six watches and was

2    reassured on each occasion that the hearing would be held before any watches were released.

3            To the contrary, in August 2010, another letter from Attorney Wagner stated that the

4    SFPD concluded the "watches sould be returned to Provident Loan Association" and advised Sun

5    that she had 60 days to take action to recover the watches from plaintiff (*id*. at Exh. E).  Sun

6    further asserts that at all times defendants knew her name and address, as they had previously

7    been in contact with her.

8            At a case management conference in this proceeding, Sun appeared and requested that she

9    be allowed to intervene.  Sun alleges that prior to that conference she had never received notice of

10   the disposition of the held watches, but that there she learned that the watches were returned to

11   plaintiff.  Sun then filed a motion to intervene pursuant to FRCP 24(a) and (b).  Both plaintiff and

12   defendants filed statements of non-opposition.

13                                    **ANALYSIS**

14           In evaluating a motion to intervene, "all well-pleaded, nonconclusory allegations in the

15   motion to intervene, the proposed complaint or answer in intervention, and declarations

16   supporting the motion [are taken] as true absent sham, frivolity or other objections."  *Sw. Ctr. for*

17   *Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).  Federal Rule of Civil Procedure

18   24(a) provides that on timely motion, a court must permit anyone to intervene in an action who:

19           (1) is given an unconditional right to intervene by a federal statute; or
             (2) claims an interest relating to the property or transaction that is the
20           subject of the action, and is so situated that disposing of the action may as
             a practical matter impair or impede the movant's ability to protect its
21           interest, unless existing parties adequately represent that interest.

22   Intervention via FRCP 24(a) is known as intervention of right.

23           An applicant seeking to intervene of right in a pending lawsuit must satisfy four

24   requirements, that:

25           (1) it has a significant protectable interest relating to the property or
             transaction that is the subject of the action; (2) the disposition of the action
26           may, as a practical matter, impair or impede the applicant's ability to
             protect its interest; (3) the application is timely; and (4) the existing
27           parties may not adequately represent the applicant's interest.

28

**United States District Court**
For the Northern District of California

1  *United States v. Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (citation omitted).  There are

2  three factors to consider when determining the timeliness of a motion to intervene: (1) the stage of

3  the proceedings, (2) prejudice to existing parties, and (3) the reason for and length of any delay in

4  bringing the motion.  *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc*.,

5  309 F.3d 1113, 1119 (9th Cir. 2002).

6       Sun's motion is timely.  Although Sun filed her motion on September 23, five months

7  after plaintiff's complaint was filed, she had been informed by the SFPD in February that she was

8  the believed owner of the watches.  Sun was not notified until August 20 that, contrary to its

9  earlier determination, the SFPD found that the watches should be returned to plaintiff.

10  Thereafter, Sun asserted her desire to intervene personally at the case management conference on

11  September 2.  Sun filed her motion within 30 days as ordered at the case management conference.

12  Lastly, the intervention would not affect the case's progress as it is still early on.

13       Sun satisfies the next three requirements.  *First*, Sun asserts a property interest in the

14  Rolex watches that are the subject of the action.  Sun seeks to recover possession of them as

15  stolen or embezzled property taken from a pawnbroker pursuant to California Financial Code

16  Section 21206.8 and Penal Code Section 1411.  Thus, Sun has a significant protectable interest

17  relating to the property that is the subject of the case.  *Second*, if this action continues without Sun

18  as a party and without determination of whether defendants followed the proper procedure for the

19  disposition of the watches, Sun's ability to protect her property interests may indeed be impaired

20  or impeded.  *Third*, none of the existing parties can adequately represent her interests.  Sun's

21  property interests are at odds with plaintiff's; plaintiff is currently in possession of three of the

22  watches, which he seeks to legitimize possession of as a licensed pawnbroker who purchased

23  them.  And defendants are alleged to have wrongfully disposed of the watches to Provident Loan

24  Association in the first place.

25       Sun satisfies the requirements for intervention of right.  There is therefore no need to

26  discuss permissive intervention pursuant to FRCP 24(b).

27

28

**CONCLUSION**

For the foregoing reasons, the motion to intervene is **GRANTED**.  The hearing on the motion previously set for October 28, 2010, is hereby **VACATED**.  Sun shall refile her proposed complaint as her intervenor complaint by Tuesday, October 19, 2010.  All other parties shall have 20 days from such filing to respond to the complaint.


**IT IS SO ORDERED.**


Dated:  October 15, 2010.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE