1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8             FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   JOSEPH W. CHAIT,

11              Plaintiff,                          No. C 10-02194 WHA

12      v.

13   CITY OF SAN FRANCISCO, a Municipal Corporation,
     GEORGE GASCON, in his individual and official     **REMINDER NOTICE**
14   capacity as Chief of Police of the San Francisco Police   **OF UPCOMING**
     Department, R. DELA VEGA, (Badge #1823) in his    **TRIAL AND FINAL**
15   individual and official capacity as a Police Officer of the   **PRETRIAL**
     San Francisco Police Department, RONNIE M.        **CONFERENCE**
16   WAGNER, in her individual and official capacity as a
     Police Officer/Police Department Attorney of the San
17   Francisco Police Department, and DANIEL YAWCZAK,
     (Badge #1810) in his individual and official capacity as a
18   Police Officer of the San Francisco Police Department,

19              Defendants.

20   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯/

21         This notice serves as a friendly reminder that this case remains set for a **FINAL**

22   **PRETRIAL CONFERENCE** on **OCTOBER 17, 2011**, at **2:00 P.M.**, with a **JURY TRIAL** on

23   **OCTOBER 24, 2011**.  Please consult the existing case management order and review and follow

24   all standing guidelines and orders of the undersigned for civil cases on the Court's website at

25   http://www.cand.uscourts.gov.  Continuances will rarely be granted.

26         The final pretrial conference will be an important event, for it will be there that the

27   shape of the upcoming trial will be determined, including *in limine* orders, time limits and

28   exhibit mechanics.  Lead trial counsel must attend.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    To avoid any misunderstanding with respect to the final pretrial conference and trial, the

2   Court wishes to emphasize that all filings and appearances must be made — on pain of

3   dismissal, default or other sanction — unless and until a dismissal fully resolving the case is

4   received.  It will not be enough to inform the clerk that a settlement in principle has been

5   reached or to lodge a partially executed settlement agreement or to lodge a fully executed

6   agreement (or dismissal) that resolves less than the entire case.  Where, however, a

7   fully-executed and unconditional settlement agreement clearly and fully disposing of the entire

8   case is lodged reasonably in advance of the pretrial conference or trial and only a ministerial act

9   remains, the Court will arrange a telephone conference to work out an alternate procedure

10   pending a formal dismissal.

11    Please state whether the Court can be of further ADR assistance (but avoid stating offers,

12   counteroffers or dollar amounts).

13    In this case, the Court wishes to consider the following additional trial procedures and

14   desires that counsel meet and confer and reach a stipulation concerning whether and how to use

15   them:

16        1.    Scheduling opposing experts so as to appear in successive order;

17        2.    Giving preliminary instructions on the law;

18        3.    Allowing limited pre-closing deliberations (as per, *e.g.*, Rule 39 of

19   the Arizona Rules of Civil Procedure); and

20        4.    Allowing each side fifteen minutes of opening/argument time to be

21   used during the evidence time (in addition to normal opening statement and

22   closing argument).

23    Please present the results of your stipulation (or not) in the joint pretrial conference

24   submissions.

25

26

27   Dated:  June 29, 2011.

28

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE